UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| THE SEMLER COMPANIES MALIBU, | Case No. 2:25-cv-03808-HDV-RAO |
|---|---|
| Plaintiff, | **ORDER GRANTING ARTHUR J. AJG RISK MANAGEMENT SERVICES LLC'S MOTION TO DISMISS [13]** |
| v. | |
| VALLEY FORGE INSURANCE CO. et al., | |
| Defendants. | |

## I. INTRODUCTION

This case arises from a tragic accident at a wedding. A celebratory aerial display—involving four helicopters operated by Orbic Aviation ("Orbic") and at least one operated by Hosking Aviation ("Hosking")—went awry, leading to the death of a wedding guest. The estate of the deceased guest filed a state court action against the vendors and the venue (the Semler Companies Malibu or "Semler"). Orbic's insurer refused to indemnify Semler, pointing out that the helicopter involved in the accident was operated by Hosking, not Orbic. The venue then initiated the instant action against the Orbic's insurers and its broker/agent Arthur J. Gallagher Risk Management Services LLC's ("AJG").

Before the Court is AJG's motion to dismiss the single claim against it ("Motion"). [Dkt. No. 13]. The Motion is granted. Semler fails to allege that the single document on which its claim rests contains any affirmative misrepresentation.

## II. BACKGROUND[1]

Yaghoub Kermanshahi attended a wedding on May 30, 2021 at Saddlerock Ranch in Malibu. Complaint ¶ 12 [Dkt. No. 1-1]. During the wedding, a helicopters flew over the venue at a low altitude to drop flower petals. *Id.* ¶ 13. The helicopter caused an unsecured wooden archway to fall and strike Kermanshahi on the head, causing severe injuries and ultimately leading to his death. *Id.*

Under the terms of the Facilities Use Agreement for the wedding, the wedding couple agreed that all vendors and subcontractors would obtain general liability insurance coverage and submit a Certificate of Coverage issued by a licensed agent or representative of the insurer. *Id.* ¶¶ 18–19, Ex. D at 74. Accordingly, Orbic obtained insurance from Starr Indemnity and Liability Company ("Starr"), Endurance Assurance Corporation, Great American Insurance Company, and Harco National Insurance Company. *Id.* ¶¶ 3–6, 25–28, Ex. F. AJG, Orbic's insurance broker, issued a Certificate of Aviation Insurance naming Semler as an additional insured. *Id.* ¶¶ 21, 25, 36, Ex. F. The Certificate lists Orbic's four policies and provides the limits of liability. *Id.* at Ex. F. Under a

---

[1] The Court accepts all of Plaintiff's plausible allegations as true, as it must at the motion to dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

column titled "Limits of Liability," the Certificate lists a $10 million limit for aircraft N130CZ, a $5 million limit for N893P and N624WC, and a $1 million limit for "All Aircraft." *Id.* Immediately below the policy limits, the Certificate lists the year, make, model, and registration numbers for four aircraft, including N130CZ, N893P, and N624WC. *Id.* Orbic provided this certificate to Semler as proof of insurance. *Id.* ¶ 21.

On October 25, 2022, Kermanshahi and his wife Simin Korei initiated an action in state court against Orbic, Hosking, Butterfly Floral and Event Design, Inc. ("Butterfly Floral"), and Semler. *Id.* ¶ 11, Ex. A. Semler tendered Kermanshahi's second amended complaint to Orbic's insurers, but Starr denied coverage, asserting that the helicopter giving rise to the underlying accident was owned not by Orbic but by Hosking. *Id.* ¶¶ 34–35, Ex. H at 1. Semler filed a second amended cross-complaint against Orbic, Hosking, and Butterfly Floral, alleging that Orbic had committed fraud by substituting a Hosking helicopter and that Hosking had negligently performed the flyover. *Id.* ¶ 17, Ex. L at ¶¶ 86–103, 163–171.

On March 5, 2025, Semler initiated the instant action in Los Angeles Superior Court, alleging breach of contract, breach of implied covenant of good faith and fair dealing, and declaratory relief against all the insurers; negligent misrepresentation against AJG; and reformation against Orbic's insurers. *Id.* ¶¶ 73–146. AJG timely removed the action to federal court. [Dkt. No. 1]. AJG moves to dismiss the only claim against it, averring that it did not make a false or negligent representation of material fact. Motion at 7. The Court heard oral argument on June 5, 2025 and took the matter under submission. [Dkt. No. 33].

### III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

1  the misconduct alleged." *Id.* Only where a plaintiff fails to "nudge[] [their] claims . . . across the
2  line from conceivable to plausible" is the complaint properly dismissed. *Id.* at 680.

3        While the plausibility requirement is not a probability assessment, it demands more than "a
4  sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Determining whether a
5  complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing
6  court to draw on its judicial experience and common sense." *Id.* at 679. In making this
7  determination, allegations of material fact should be construed in the light most favorable to the
8  plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted).

9        When alleging fraud, the party must meet the higher pleading standard imposed by Federal
10 Rule of Civil Procedure 9(b). Fed. R. Civ. P. 9(b) (requiring parties to "state with particularity the
11 circumstances constituting fraud or mistake"). "To properly plead fraud with particularity under
12 Rule 9(b), 'a pleading must identify the who, what, when, where, and how of the misconduct
13 charged.'" *In re Cloudera, Inc.*, 121 F.4th 1180, 1187 (9th Cir. 2024) (quoting *Davidson v.*
14 *Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018)).[2]

15 **IV.    DISCUSSION**

16       Semler's claim against AJG is narrow. Semler contends that when AJG issued the
17 Certificate of Insurance for Orbic, providing a liability limit for "All Aircraft," AJG both
18 affirmatively misrepresented the extent of Orbic's coverage and failed to disclose that Orbic's
19 coverage did not meet Semler's requirements. Opposition to Motion 7–8 [Dkt. No. 20]. Semler
20 does not allege any other written or oral communication between it and AJG. Neither does Semler
21 seek to hold AJG liable its failure to evaluate the adequacy of Orbic's coverage or for Orbic's failure
22 to obtain adequate coverage. *Id.* at 11, 16.

23       A plaintiff seeking to establish negligent misrepresentation must allege: "(1) the
24 misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to

---

[2] Though the Ninth Circuit has not decided whether Rule 9(b) applies to claims of negligent misrepresentation, many district courts in California have applied it. *See Beverly Hills Reg'l Ctr., L.P. v. Aetna Life Ins. Co.*, No. LA-CV-21-04983-JAK-JPRX, 2022 WL 19432590, at *9 (C.D. Cal. Nov. 14, 2022) (collecting cases).

be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *See, e.g.*, *National Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc.*, 171 Cal. App. 4th 35, 50 (2009) (citation omitted). Policyholders may hold an insurer or agent who misrepresents their policy's coverage liable for negligent misrepresentation. *Eddy v. Sharp*, 199 Cal. App. 3d 858, 865 (1988); *Bock v. Hansen*, 225 Cal. App. 4th 215, 229, 230–31 (2014) (noting that an agent may be liable, even if they made the misrepresentation while acting in the course and scope of their employment). But negligent misrepresentation must rest on an affirmative misrepresentation, not merely an implied representation. *Byrum v. Brand*, 219 Cal. App. 3d 926, 941–42 (1990).

"While duty is not an explicit element in … negligent [] misrepresentation, a defendant is liable to a third person injured as a result of the misrepresentation if the defendant owes that person a duty of care." *Nazemi v. Specialized Loan Servicing, LLC*, 637 F. Supp. 3d 856, 861 (C.D. Cal. 2022) (citing *Randi W. v. Muroc Joint Unified Sch. Dist.*, 14 Cal. 4th 1066, 1076 (1997)). *See Eddy*, 199 Cal. App. 3d at 866 (finding a triable issue of fact as to negligent misrepresentation against an insurance agent who "came under a duty of due care to accurately inform the Eddys of the policy's provisions" when he "undertook to prepare an insurance proposal").

Semler's allegation that the Certificate of Insurance misrepresented Orbic's policies is without merit. Semler contends that "AJG issued a Certificate . . . affirmatively representing that Plaintiff was an 'additional insured' under liability policies covering 'all aircraft' operated by Orbic." Opposition at 11. But the plain text of the Certificate makes no such representation. It provides that Semler "is included as an Additional Insured under Liability Coverages," without reference as to the aircraft covered. Complaint, Ex. F. The words "All Aircraft" appear only in the section listing "Limits of Liability" for various specific aircraft. *Id.* The Certificate goes on to list four aircraft, which are evidently covered. *Id.* The four corners of the Certificate do not evince an affirmative representation that *all* possible aircraft—even one not operated by Orbic—are covered by Orbic's policies.

But Semler additionally alleges since AJG "voluntarily undertook to confirm the existence of specific insurance coverage" that it had a duty to inform Semler, an additional insured, that Orbic's

policy did not meet its requirements. Opposition at 14; Complaint ¶¶ 41, 136 (alleging that AJG's failure to inform Plaintiff that Orbic's insurance did not meet Semler's requirements constitutes "fraud by omission"). In service of this argument, Semler proposes a novel application of the *Biakanja* factors, used to determine whether a defendant may be held liable for negligence by breaching a duty of care in the absence of contractual privity. Opposition at 12–13; *Biakanja v. Irving*, 49 Cal. 2d 647 (1958)*; see also Business to Business Markets, Inc. v. Zurich Specialties London Ltd.*, 135 Cal. App. 4th 165, 168–69 (2005) (holding that a broker who negligently secured coverage for a contractor of a third party beneficiary owed a duty of care to the third party beneficiary); *Santana Row Hotel Partners, LP v. Zurich Am. Ins. Co.*, No. C-05-00198-JW, 2007 WL 4754772, at *9 (N.D. Cal. Sept. 13, 2007) (denying the defendant's motion for summary judgment on breach of duty where the plaintiff was the "intended beneficiary of the [defendant's] voluntary undertaking"). But Semler cites no authority applying *Biakanja* or its progeny to impose liability for negligent misrepresentation.

Even assuming *arguendo* that AJG had a duty to affirmatively advise Semler of the bounds of Orbic's policies, Semler does not plausibly allege that AJG intended to induce reliance on the claim that *all* helicopters used at the May 30, 2021 operations were covered. Semler alleges only that AJG was *Orbic's* agent, tasked with ensuring coverage for *Orbic's* aircraft and representing coverage of *Orbic's* aircraft to Semler. Complaint ¶¶ 7, 51. Nowhere does Semler allege that AJG was aware that a Hosking aircraft would be used in the May 30, 2021 operations, let alone that AJG intended to cause Semler to rely on the fact that *all* helicopters—Orbic's or not—would be covered. Indeed, the Certificate itself appears to list the four aircraft owned and operated by Orbic. Complaint, Ex. F. Without more, the Court cannot discern a viable claim for negligent misrepresentation.

6

### V. CONCLUSION

For the reasons discussed above, AJG's Motion is granted. Semler's claim against AJG is dismissed with leave to amend.

Dated: August 20, 2025

Hernán D. Vera
United States District Judge